MANDATE

S.D.N.Y.
07-cv-7150
Wood, C.J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of February, two thousand eight.

Present:

Hon. Sonia Sotomayor,
Hon. Debra Ann Livingston,
           *Circuit Judges,*
Hon. Gregory W. Carman,[1]
           *Judge, U.S. Court of International Trade.*

UNITED STATES COURT OF APPEALS
FILED
FEB -6 2008
Catherine O'Hagan Wolfe, Clerk
SECOND CIRCUIT

Dexter Washington,

           *Plaintiff-Appellant,*

v.                                                      07-3778-pr

Commissioner Glen S. Goord, et al.,

           *Defendants-Appellees.*

Appellant, *pro se*, moves for appointment of counsel and to proceed *in forma pauperis* ("IFP") in his appeal of the district court's dismissal of his 42 U.S.C. § 1983 action. Upon due consideration, IFP status is hereby GRANTED for the limited purpose of vacating the judgment of the district court and remanding to the district court to allow appellant to amend his complaint. Appellant alleges that a constitutionally infirm procedure was used by the New York State courts and/or the New York Department of Correctional Services to modify his sentence twice after commitment, in a manner that is not entirely clear from the face of the *pro se* complaint. This Court has held that the

---

[1] The Honorable Gregory W. Carman, judge, United States Court of International Trade sitting by designation.

**ISSUED AS MANDATE:**   MAY 2 2 2008

modification of a sentence in some conditions can amount to a due process violation. *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006). Insofar as appellant could attempt solely to challenge the procedure used to modify his sentence and not the sentence itself, such a claim would not be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Edwards v. Balisok*, 520 U.S. 641, 645 (1997). Because petitioner was not given the opportunity to amend his *pro se* complaint, however, it is not possible to determine at this stage the exact nature of the allegedly unconstitutional modifications to appellant's sentence. Hence, appellant should be permitted to amend his complaint and directed to provide copies of the original and modified sentencing orders and to specify more exactly the circumstances surrounding the modifications. *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). The motion for appointment of counsel is DENIED as moot, with leave to renew such motion before the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

FEB  6 2008

By:

2

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by _____
DEPUTY CLERK