UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DEXTER WASHINGTON,

        Plaintiff,

     -v-                            No.  07 Civ. 7150 (LTS)(FM)

GLENN S. GOORD, COMMISSIONER,
NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES;

BRIAN FISCHER, COMMISSIONER,
NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES;

ANTHONY J. ANNUCCI, DEPUTY
COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONAL
SERVICES;

JOHN BURGE, FORMER SUPERINTENDENT
AUBURN CORRECTIONAL FACILITY;

MARGARET DUSHNATINSKI, RECORD
COORDINATOR OF AUBURN
CORRECTIONAL FACILITY;

ALAN MURPHY, CHIEF CLERK, NEW YORK
COUNTY SUPREME COURT FOR STATE OF
NEW YORK;

MARY PRICE, CASE MANAGER
COORDINATOR, NEW YORK COUNTY
SUPREME COURT FOR THE STATE OF NEW
YORK,

        Defendants.
------------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Laura Taylor Swain, U.S. District Judge

Plaintiff Dexter Washington ("Plaintiff") brings this action pro se against Defendants Glenn S. Goord, Commissioner of the New York State Department of Correctional Services ("DOCS"); Brian Fischer, Commissioner of DOCS; Anthony J. Annucci, Deputy Commissioner of DOCS; John Burge, former Superintendent of Auburn Correctional Facility; Margaret Dushnatinski, Record Coordinator of Auburn Correctional Facility; Alan Murphy, Chief Clerk, New York County Supreme Court for the State of New York; and Mary Price, Case Manager Coordinator, New York County Supreme Court for the State of New York, (collectively, "Defendants").  Plaintiff, who received an aggregate 25-year sentence upon his 1997 conviction of various felony offenses while he was also subject to an undischarged term of imprisonment for an earlier crime, asserts claims pursuant to 42 U.S.C. § 1983.  He asserts that the administration of the second sentence as consecutive, rather than concurrent, to his earlier undischarged criminal sentence, without an explicit pronouncement at sentencing that he was a "second violent felony offender" within the meaning of relevant New York State law or that the term would be consecutive, violated his rights to due process, equal protection of the law, and protection from cruel and unusual punishment, under the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.  Plaintiff seeks compensatory damages, as well as declaratory and injunctive relief.  The Court has jurisdiction of this action pursuant to 28 U.S.C. §§  1331, 1343(3) & (4), and 2201.  The Court has considered thoroughly all of the parties' submissions.  For the reasons explained below, Plaintiff's § 1983 claims are dismissed and the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

Defendants move to dismiss Plaintiff's Amended Complaint, arguing, among

other things, that the Eleventh Amendment bars Plaintiff's § 1983 claims against all Defendants

sued in their official capacities and that Plaintiff fails to state a cause of action under § 1983

because DOCS committed no error in administering Plaintiff's sentence as running consecutively

to previous sentences pursuant to N.Y. Penal Law § 70.25(2)(a).

B<small>ACKGROUND</small>

Except as otherwise indicated, the following relevant facts are alleged in the

Amended Complaint, or are drawn from documents appended to the Amended Complaint or

incorporated therein by reference.  The Court reads Plaintiff's submissions liberally, in light of

Plaintiff's <u>pro se</u> status, and construes as true for purposes of this motion practice factual

allegations made in Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss.

Plaintiff is a DOCS inmate.  (Am. Compl. at ¶ 8.)  In December 1977, Plaintiff

was convicted of first degree robbery.[1]  He was sentenced in 1978 to a term of 12 ½ to 25 years'

incarceration (the "1978 Sentence"), but was released on parole after serving 18 years.  On

October 15, 1997, while under parole supervision, Plaintiff was convicted of burglary in the first

degree (two counts), robbery in the first and second degrees and resisting arrest, and was

sentenced to an aggregate term of 25 years (the "1997 Sentence").  (Am. Compl. at ¶¶ 14-15.)  In

imposing the 1997 Sentence, the sentencing court was silent as to how Plaintiff's sentence should

be administered in relation to the undischarged portion of the 1978 Sentence.  (<u>Id.</u> at ¶ 16.)  The

sentence and commitment order originally entered in connection with the 1997 Sentence, dated

---

[1]      The Court takes judicial notice of this fact, which was recited in a judicial order
dismissing Plaintiff's application for mandamus relief pursuant to CPLR Article
78.  <u>Washington v. Lippman</u>, No. 05-402164 (N.Y. Sup. Ct. October 17, 2005)
(appended to Defendants' Mem. of Law in Supp. as Exhibit A.), <u>aff'd</u>,
<u>Washington v. Lippman</u>, 30 A.D. 3d 299 (1st Dept. 2006).

December 19, 1997, classified Plaintiff as a "violent felony offender" rather than as a "second

violent felony offender" and, Plaintiff asserts, instructed that "all counts were to run concurrent."

(Id. at ¶ 17.)

When Plaintiff was received into DOCS custody, DOCS officials modified the

commitment order to reflect that Plaintiff was a "second violent felony offender," deemed the

1997 Sentence to run consecutively to the 1978 Sentence, and calculated Plaintiff's sentence

accordingly.[2]  (Id. at ¶ 19.)   When Plaintiff learned in August 2004 of DOCS' computation of his

sentence as consecutive, he notified the Auburn Correctional Facility Inmate Record

Coordinator, defendant Margaret Dushnatinski, that DOCS had miscalculated his sentence, that

the sentencing court had failed to specify either in the oral pronouncement of the sentence or the

commitment order whether the 1997 Sentence was to be concurrent or consecutive to any

previous time owed and that since, Plaintiff had been convicted as only a violent felony offender,

New York Penal Law § 70.25(1)(a) mandated that his sentence was to run concurrent.[3]  (Id. at ¶¶

---

[2]       N.Y. Penal Law § 70.25(2)(a) provides that: "When an indeterminate . . .
sentence of imprisonment is imposed pursuant to section . . . 70.04 [("Sentence of
imprisonment for second violent felony offender")] [or] 70.06 [("Sentence of
imprisonment for second felony offender")] . . . and such person is subject to an
undischarged indeterminate or determinate sentence of imprisonment imposed
prior to the date on which the present crime was committed, the court must
impose a sentence to run consecutively with respect to such undischarged
sentence." N.Y. Penal Law § 70.25(2)(a).

[3]       N.Y. Penal Law § 70.25(1)(a) provides that: "Except as provided in subdivisions
two, two-a . . ., when multiple sentences of imprisonment are imposed on a person
at the same time, or when a person who is subject to any undischarged term of
imprisonment imposed at a previous time by a court of this state is sentenced to an
additional term of imprisonment, the sentence or sentences imposed by the court
shall run either concurrently or consecutively with respect to each other and the
undischarged term or terms in such manner as the court directs at the time of
sentence. If the court does not specify the manner in which a sentence imposed by

20-21.)  Plaintiff also filed a grievance with the Auburn Correctional Facility Grievance Office,

which was forwarded to the Superintendent.  (Id. at ¶¶ 22-23.)  On August 25, 2004, Plaintiff

wrote a letter to the DOCS Office of Sentence Review, making the same argument and

requesting that his sentence be corrected.  (Id. at ¶ 24.)  In a letter dated September 1, 2004,

Dushnatinski refused to correct his time calculation, stating that Plaintiff had been sentenced as a

second felony offender pursuant to New York Penal Law §§ 70.06 and 70.25(2)(a).  (Id. at ¶ 25.)

On September 3, 2004, Plaintiff received a response from the Superintendent, stating that "if an

inmate is sentenced pursuant to P.L.§ 70.04, then the P.L. § 70.25(2)(a) applies to whether the

sentence should run concurrent or consecutive to any prior undischarged term of a sentence."

(Id. at ¶ 26.)

        Plaintiff appealed the Superintendent's decision to the Central Office Review

Committee ("CORC").  (Id. at ¶ 28.)  On September 15, 2004, Plaintiff received a letter from

DOCS officials stating that he was "sentenced as a repeat offender" and thus his sentence must

run consecutively to any prior sentence.  (Id. at ¶ 29.)  On October 6, 2004, Plaintiff received a

notice from CORC stating that his appeal of the Superintendent's decision was denied. (Id. at ¶

30.)

        On January 3, 2005, Plaintiff filed a pro se petition for a writ of habeas corpus in

New York State Supreme Court, Cayuga County, arguing that DOCS officials had violated his

due process rights, and further arguing that, because the court had failed to state that Plaintiff was

being sentenced as a second violent felony offender during the oral pronouncement of his

---

        it is to run . . .[a]n indeterminate or determinate sentence shall run concurrently
        with all other terms. . ."  N.Y. Penal Law § 70.25(1)(a).

sentence, as required by New York Criminal Procedure Law §§ 380.20 and 380.40, or whether

his sentence would run concurrently or consecutively to any undischarged prior sentence, his

sentence was required to run concurrently.  (Id. at ¶¶ 33-34.)

   During the pendency of the habeas proceeding, Plaintiff alleges, DOCS officials

contacted the New York County Court Clerk's office and requested an amended commitment

order.  (Id. at ¶ 41.)  The commitment order was thereafter modified by an "unknown clerk" to

recite that Plaintiff was sentenced as a second violent felony offender and that the sentence was

to run consecutively to any previous undischarged time on his prior sentence.  (Id. at ¶¶ 42-43.)[4]

Plaintiff also alleges that the signatures of New York County Supreme Court Clerk Norman

Goodman, Judge Antonio Brandveen, and the Judge's clerk were "forged to specifically give

authenticity" to the commitment order.[5]  (Id. at ¶ 47.)  The amended commitment order displays

handwritten asterisks next to a line amended to recite that Plaintiff was sentenced as a second

(violent) felony offender and "remarks" noting "10-7-97 after hearing Deft. found to be a violent

predicate felon."  (Id. at Exhibit C.)

   The Court takes judicial notice of the fact that Plaintiff's habeas petition was

dismissed and the dismissal was unanimously affirmed on appeal to the Appellate Division.  See

---

[4]  The Court notes factual inconsistencies within Plaintiff's Amended Complaint
regarding how the alleged changes to the commitment order were made.  For
purposes of this analysis, the Court assumes, based on Plaintiff's submissions and
a copy of the alleged amended commitment order, that the changes were made at
the request of DOCS officials by the New York County Supreme Court Clerk's
Office.  See Am. Compl. at ¶¶ 19, 42-43.

[5]  The copy of the modified order attached to the Amended Complaint reflects the
hand-printed names of Justice Brandveen and Mr. Goodman in blanks labeled
"Present Hon." and "Clerk of Court," respectively, and a signature following the
word "by" in the blank next to Mr. Goodman's name.

People ex rel. Washington v. Burge, 30 A.D. 3d 1066 (4th. Dept. 2006), lv. denied, 7 N.Y. 3d 711 (2006).[6]  The Appellate Division held that, given the fact that the 1997 Sentence had been imposed "following a hearing at which petitioner was determined to be a second violent felony offender," the consecutive sentencing mandate of N.Y. Penal Law §70.25(2-a) required the sentence to run consecutively "despite the sentencing court's failure to address that issue on the record at sentencing."  Id. at 1066.  This Court also takes judicial notice of the fact that Plaintiff's subsequent state court application for mandamus relief pursuant to CPLR Article 78, seeking vacatur of his sentence as a second violent felony offender and an immediate release from custody, was denied on collateral estoppel grounds.  See Washington v. Lippman,  30 A.D.3d 299 (1st Dept.), lv. denied, 7 N.Y.3d 898 (2006).

Plaintiff filed his original complaint in this matter on April 6, 2007, alleging that DOCS had exceeded its authority in deeming his sentence to run consecutively, and had therefore violated his constitutional rights to equal protection and due process.  Plaintiff's § 1983 claim was dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.  Upon Plaintiff's appeal of the dismissal to United States Court of Appeals for the Second Circuit, the decision was reversed and the case was remanded to permit Plaintiff to amend his complaint to clarify his allegations concerning unconstitutional modifications of his sentence.  Washington v. Goord, No. 07-3778 (2d Cir. May 22, 2008).  Plaintiff filed his amended complaint, seeking compensatory damages and declaratory and injunctive relief as

---

[6]      A court may take judicial notice of public records in deciding a motion to dismiss. See, e.g., Blue Tree Hotel Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir.2004); Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991) ("[t]he practice of taking judicial notice of public documents is not new").

against all Defendants, on June 24, 2008.


<u>DISCUSSION</u>

       In considering a motion to dismiss a complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6) for failure to state a claim, the Court accepts as true the non-conclusory

factual allegations in the complaint, and draws all reasonable inferences in Plaintiff's favor.

<u>Roth v. Jennings</u>, 489 F.3d 499, 501 (2d Cir. 2007); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937,

1949 (2009).  To survive a motion to dismiss, a complaint must plead "enough facts to state a

claim to relief that is plausible on its face."  <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 570 (2007).

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause

of action will not do."  <u>Iqbal</u>, 129 S. Ct. at 1949.  This <u>Twombly</u> plausibility standard applies to

all civil actions.  <u>Id.</u> at 1953.  "Even after Twombly, though, [courts] remain obligated to

construe a pro se complaint liberally."  <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009).

<u>Sovereign Immunity and the Eleventh Amendment</u>

       The Court must address Defendants' sovereign immunity arguments before

turning to the merits of Plaintiff's § 1983 claim.  <u>See</u> <u>Rhulen Agency, Inc. v. Alabama Ins.</u>

<u>Guaranty Ass'n</u>, 896 F.2d 674, 678 (2d Cir. 1990).  The Eleventh Amendment to the Constitution

of the United States provides that: "[t]he judicial power of the United States shall not be

construed to extend to any suit in law or equity, commenced or prosecuted against one of the

United States by citizens of another state, or by citizens or subjects of any foreign state."  U.S.

Const. amend. XI.  Eleventh Amendment sovereign immunity precludes all of Plaintiff's

monetary damages claims insofar as they are asserted against Defendants in their official

capacities.[7]

Plaintiff's monetary damages claims alleging violations of his federal civil rights under 42 U.S.C. § 1983 can be asserted only against officials in their individual capacities because under the Eleventh Amendment, States and their officials, when acting in their official capacities, are immune from suits seeking money damages.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 384 (1998).  See also Farid v. Smith, 805 F.2d 917, 921 (2d Cir. 1988) (holding that when the action is one for recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants).  Thus, insofar as Plaintiff's claims for money damages are asserted against Defendants in their official capacities, the claims are dismissed for lack of subject matter jurisdiction.

Plaintiff's § 1983 Claim Against Defendants in their Personal Capacities

In order to state a claim for a violation of 42 U.S.C. § 1983, a plaintiff must allege both a deprivation of a right secured by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person acting under color of state law.  Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004).  "It is well established that § 1983 does not create a substantive right, but rather provides the procedural mechanism through which a plaintiff may

---

[7]      Plaintiff's Amended Complaint names as defendants current and former officials of DOCS, the Auburn Correctional Facility, and the New York County Supreme Court for the State of New York, without indicating whether the claims are being brought against them in their individual or official capacities.  However, Plaintiff states in his Opposition to the instant motion that the suit "is being brought against Defendants in their individual and personal capacities."

bring a suit for violation of a federal right that would otherwise remain unremedied." <u>DT v. Somers Cent. School Dist.</u>, 588 F. Supp. 2d 485, 497 (S.D.N.Y. 2008).

Plaintiff's Amended Complaint asserts that Defendants' actions in connection with the modification of the commitment order and the consecutive administration of his sentence violated Plaintiff's rights to due process, equal protection, and freedom from cruel and unusual punishment.  The Court has considered carefully each of these assertions and finds that Plaintiff has failed to allege facts sufficient to frame a cause of action under § 1983 for violation of any of the three constitutional rights.  Because Plaintiff's due process claim, although ultimately unavailing, is the one asserted most vigorously here, the Court discusses it below.

The gravamen of Plaintiff's complaint, read liberally, is that Plaintiff was denied procedural due process in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution when DOCS administered his sentence as consecutive and when the New York County Supreme Court Clerk's Office, at the request of DOCS officials, administratively altered the commitment order relating to Plaintiffs' 1997 conviction to reflect that he was a "second violent felony offender," and specifically imposed a consecutive term of imprisonment, rather than a concurrent one, instead of referring the matter back to the sentencing court to correct the error or to resentence.

The Fifth and Fourteenth Amendments prohibit the government from depriving anyone of life, liberty, or property without due process of law. "A procedural due process analysis proceeds with two questions. '[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." ' Shakur v. Selksy, 391 F.3d

106, 118 (2d Cir. 2004) (citations omitted); Salahuddin v. Perez, No. 99 Civ. 10431, 2006 WL
266574, *8 (S.D.N.Y. Feb. 2, 2006).  Plaintiff claims that he has a protected interest in serving
only a concurrent sentence unless the sentencing court holds a hearing and specifically
pronounces a consecutive sentence based on his status as a second violent felony offender.

        Plaintiff's underlying claim of a constitutionally-protected right –  that the
sentencing court's designation of him as a violent felony offender (rather than second violent
felony offender) and failure to specify the consecutive nature of the sentence in its original
commitment order precluded any administration of his sentence as consecutive absent further
action by the court upon notice and a hearing – is barred by collateral estoppel. As noted above,
the Appellate Division, Fourth Department, upheld a determination in Plaintiff's prior habeas
corpus litigation that, in light of the sentencing court's determination after a hearing that Plaintiff
was a second felony offender, N. Y. Penal Law § 70.25 required Plaintiff 's 1997 sentence to run
consecutively "despite the sentencing court's failure to address that issue on the record at
sentencing." People ex. rel. Washington v. Burge, 30 A.D. 2d 1066 (4th Dept. 2006),  lv. denied,
7 N.Y.3d 711 (2006).  Plaintiff's subsequent petition for a writ of mandamus requiring
concurrent computation of the sentence was rejected as precluded by the determination in the
habeas corpus proceeding.  See Washington v. Lippman, 30 A.D.3d 299 (1st Dept.), lv. denied, 7
N.Y.3d 898 (2006).  "Under collateral estoppel, once a court has decided an issue of fact or law
necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a
different cause of action involving a party to the first case."  Allen v. McCurry, 449 U.S. 90, 94
(1980).  Federal courts are required to give effect to state collateral estoppel rules with respect to
state-court judgments.  See 28 U.S.C. § 1738; Cameron v. Fogarty, 806 F.2d 380, 384 (2d Cir.

1986).  Thus, in determining whether an issue is barred in the federal action, courts must apply

the collateral estoppel rules of the state in which the prior decision was rendered.  <u>Sullivan v.</u>

<u>Gagnier</u>, 225 F.3d 161, 166 (2d Cir. 2000).  Under New York law, the doctrine of collateral

estoppel applies "if the issue in the second action is identical to an issue which was raised,

necessarily decided and material in the first action, and [the party against whom the doctrine is

asserted] had a full and fair opportunity to litigate the issue in the earlier action."  <u>Id.</u>  Plaintiff

has previously litigated issues relating to his sentence as a second violent felony offender and

whether, by operation of law, the 1978 Sentence runs consecutive to or concurrent with the 1997

Sentence.  The issues have been resolved against him in the prior state court proceedings, as

reflected in the judgments rejecting his habeas corpus and mandamus petitions.

   Plaintiff's due process claim would fail even if the prior decisions did not have

preclusive effect.  The question of whether a criminal sentence should run concurrently or

consecutively to a prior sentence is a matter of state law.  <u>See</u> <u>Reyes v. New York</u>, 2009 WL

1066938, *1 (S.D.N.Y., Apr. 21, 2009) (<u>citing</u> <u>U.S. v. McLean</u>, 287 F.3d 127, 136-137 (finding

that there is no constitutional right to concurrent, rather than consecutive, sentences)).  New York

State's highest court has made it clear that "when a court is required by statute to impose a

sentence that is consecutive to another, and the court does not say whether its sentence is

consecutive or concurrent, it is deemed to have imposed the consecutive sentence the law

requires."  <u>People ex rel. Gill v. Greene</u>, 12 N.Y. 3d 1, 4 (N.Y. 2009).  The <u>Gill</u> Court held that

"[n]othing in the statute and nothing in the Constitution requires the sentencing court to say the

word 'consecutive,' either orally or in writing," and further that "[n]othing in the statute even

requires that the sentencing court be made aware that the prior sentences are undischarged."  <u>Id.</u>

See also Vasquez v. Loiodice, 2009 WL 2575775, *1 (S.D.N.Y., Aug. 20, 2009) (holding based on Gill, that DOCS did not exceed its authority when it calculated plaintiff's sentence as consecutive to his prior undischarged term, since the statute required it, notwithstanding that the sentencing court was silent as to that fact).

Plaintiff's effort to distinguish Gill is unavailing, as the two earlier federal holdings on which he relies, Hill v. U.S. ex rel. Wampler, 298 U.S. 460 (1936), and Earley v. Murray, 451 F.3d 71, 75 (2d Cir. 2006), dealt with situations in which the sentencing courts had failed to articulate substantive portions of the sentences (imprisonment pending payment of a fine, and post-release supervision, respectively) when the sentences were imposed in open court. Gill holds that the question of whether a sentence will be served concurrently or consecutively is not substantive but, rather, an issue of "characterization" where, as here, the sentencing court has imposed the term of imprisonment. Id., 12 N.Y.3d at 6. Plaintiff's § 1983 claim therefore fails as a matter of law. In light of the Court's conclusion regarding the insufficiency of Plaintiff's federal § 1983 claims, the Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims.

CONCLUSION

Defendant's motion to dismiss the amended complaint (docket entry no. 27) is granted as to Plaintiff's claims pursuant to 42 U.S.C. §1983. The Court declines to exercise jurisdiction of Plaintiff's state law claims. The Court certifies pursuant to 28 U.S.C § 1915(a)(3)

that any appeal from this order would not be taken in good faith.  The Clerk of Court is requested

to enter judgment accordingly and to close this case.

                    SO ORDERED.


Dated: New York, New York
       November 13, 2009


                                                LAURA TAYLOR SWAIN
                                                United States District Judge